AO 72A
(Rev. 8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DWIGHT L. ALLEN,

    Plaintiff,

v.                                   CIVIL ACTION NO.: CV512-045

DARRELL HART; Deputy Warden
HOLDEN; Lt. STEEDLY; and
Counselor PIETRI,

    Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Ware State Prison in Waycross, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Allen v. Gregory, et al., CV209-146 (S.D. Ga. Feb. 8, 2010) (dismissed for failure to state a claim upon which relief may be granted); (2) Allen v. Gregory, et al., CV209-156 (S.D. Ga. Mar. 11, 2010) (dismissed for failure to state a claim upon which relief may be granted); and (3) Allen v. Hamilton, et al., CV209-35 (S.D. Ga. July 21, 2009) (dismissed for failure to state a claim upon which relief may be granted).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases which qualify as strikes under section 1915(g), Plaintiff may not proceed in forma pauperis in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). "[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id.

AO 72A
(Rev. 8/82)

Plaintiff contends that he filed a grievance against Lieutenant Steely on March 22, 2012, and Lieutenant Steely began a campaign to harass him and threaten his life as retaliation. Plaintiff asserts that Lieutenant Steely placed his life in danger by calling him his "head snitch" in front of other inmates. (Doc. No. 1, p. 5). Plaintiff contends that, as of June 4, 2012, prison staff were harassing him.

Plaintiff filed a Motion to Amend his Complaint in which he states that Lieutenant Steely launched "Phase II" of his campaign to harass and intimidate Plaintiff on July 12, 2012. Plaintiff maintains that Lieutenant Steely informed him he had failed to follow an order and was placed in a cell which left him exposed "to the elements of water, the heat, the infestation of mosquitos (sic), flies, ants and other annoying insect's (sic)" due to stagnated, foul-smelling water. Plaintiff also states that there was no place to sit in this cell. Plaintiff further states that he was held in this cell for fourteen (14) hours.

Plaintiff has not shown that he was in imminent danger of serious physical injury at the time he filed his Complaint on June 6, 2012, or at any other time. Plaintiff's allegations fail to show that there was a particular or known threat to his safety, even if his allegations are true. Plaintiff's Motion to Amend is **DENIED**. The Court **VACATES** its June 7, 2012, Order. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full filing fee.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 24th day of July, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3